### CHARLES L. FLINT v. DULANY & McVEIGH, *et al.*

1. ANSWER, *Good Against Demurrer.* An answer setting up several defenses, demurred to on the ground that it does not state facts sufficient to constitute a cause of action or a defense, will be held sufficient where the demurrer is not directed against any particular defense, and any one of the defenses alleged is good.

2. ———— *Proper Joinder of Defenses.* An action was begun by one holding a tax title to land, to quiet the title to the same against the original owner, and, on service by publication only, he obtained a judgment. Within three years the judgment was properly vacated on the application of the defendant under the provisions of § 77 of the code. When the defendant was let in to defend, he filed an answer setting up, first, a general denial; second, facts showing the plaintiff's title in the land to be invalid, and the third count alleged that after the judgment was first rendered, and before it was vacated, the plaintiff sold the land and appropriated the proceeds to his own use; and he prayed for a recovery of the value of the land. *Held,* On demurrer, that the right to the relief prayed for in the third count of the answer was properly joined with the other defenses alleged.

*Error from Anderson District Court.*

ACTION by *Flint* against *Dulany* and twenty-two others, to quiet his title to certain lands in Anderson county. On September 13, 1881, judgment by default was rendered for plaintiff. Thereafter the judgment against the defendant *Wickel*

was opened, and he was let in to defend. On September 4, 1884, he filed his answer or cross-petition, to which the plaintiff demurred. On December 11, 1885, the court overruled this demurrer, and found for the defendant. New trial denied. The court adjudged that "the defendant William Wickel recover of Charles L. Flint, plaintiff, the sum of $480, his damages sustained in this action, together with his costs herein, taxed at $———; and that the deed mentioned in plaintiff's petition is void as against said defendant, and is hereby set aside as against defendant." Other facts are stated in the opinion. *Flint* brings the case here.

*Fabius M. Clarke,* for plaintiff in error.
*Johnson, Poplin & Johnson,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: On the 21st day of February, 1881, Charles L. Flint brought an action, in the district court of Anderson county, against Dulany & McVeigh, William Wickel, and a number of other persons; and in his petition he alleged that he was the owner of several tracts of real estate in Anderson county; and that he held them by virtue of certain tax deeds which had been executed by the county clerk of that county, which deeds had been duly recorded. He averred that the defendants claimed some title or interest in the lands, and that the action was brought to quiet his title to the lands as against each and all of the defendants. An affidavit was filed on behalf of the plaintiff, alleging that each of the defendants resides out of the state of Kansas; that service of summons could not be made on them within the state; and that the action was brought for the purpose of determining the right and interest of the plaintiff in real property. On this affidavit, service was made by publication; and on the 13th day of September, 1881, default being made by the defendants, a decree was rendered quieting the title to the lands mentioned, in the plaintiff, and barring the defendants from setting up any title, estate, or interest to them. On September 4, 1884, and within

three years after the decree had been entered, William Wickel filed a motion asking that the judgment and decree rendered against him on September 13, 1881, be opened up, and that he be let in to defend, for the reason that there was no service other than by publication in a newspaper, and that he had no actual notice of the pendency of the action in time to appear and make his defense. Notice was given to the plaintiff, an answer was filed, and proof made of the statements made in the motion; and thereupon the court, both parties being present, sustained the motion by opening the judgment and allowing Wickel to defend. No exception was taken to this order. The answer filed by Wickel was, first, a general denial of the allegations contained in the plaintiff's petition. He further answered, by alleging that at the time of the rendition of the decree in the action he was the owner of the south half of the northeast quarter of section thirty-four, township twenty-one, range twenty-one, situate in Anderson county; that the lands were wild and unimproved, and had never been in the actual possession of the plaintiff; that the tax deed and the proceedings upon which it was based were void; that the sale was made for taxes not authorized by law; that the sale upon which the tax deed was executed "was made while and when there was an open sale of said lands for taxes to said Anderson county, which had not been redeemed from, and that the certificate thereof had not been assigned; and that the taxes for which said lands were sold, and upon which sale said tax deed was issued, were subsequent to said open sale to the county, the certificate of which had not been assigned." For a further answer and cause of action, the defendant alleged that the plaintiff, after procuring the judgment and decree which was based alone on service by publication in a newspaper, had sold the land; and that the same was reasonably worth the sum $480. He prayed judgment against the plaintiff, declaring his tax deed void, and that he had no claim or lien on the land; and also for a recovery from the plaintiff of the sum of $480, the value of the land sold by plaintiff under the judgment and decree which had been vacated. The plaintiff

demurred to the answer, upon two grounds: First, that the causes of action therein were improperly joined; and, second, that the facts stated were insufficient to constitute a cause of action, or a defense. The demurrer was overruled by the court, and a trial had, which resulted in a judgment and decree in favor of the defendant. The plaintiff brings the case here upon a transcript of the record, relying for error mainly on the rulings of the court upon the demurrer.

The answer which is challenged by the demurrer sets forth several grounds of defense to the plaintiff's action, which was simply one to quiet title. The ground of demurrer that the answer or cross-petition did not state facts sufficient to constitute a cause of action or a defense, was general, and not directed against any particular defense. If, therefore, any one of the defenses is good, the demurrer was properly overruled. The general denial of the answer of itself constituted a complete defense, and furnished sufficient reason for the ruling of the court on that ground of demurrer. Apart from this, it was substantially averred in the answer that the plaintiff's tax deed under which he claimed was void because it was based on a sale made after the land had been bid off for the county and before it had been redeemed, and also before the certificate of sale to the county had been assigned. This also constituted a defense, as the statute prohibits the sale of land bid off for the county at a tax sale until it has been redeemed, or shall be sold by the county, or the tax certificate which had been issued to the county has been assigned. (Tax Law, § 122.) The argument that the allegation is defective because it fails to state that the sale to the county was a valid one is not well founded. The unqualified statement that the sale was made implies that it was a complete and valid one; but the fact that the general denial constituted a good defense effectually disposes of that ground of demurrer.

The other exception is the alleged misjoinder, where the defendant set forth a sale of the land by the plaintiff after the judgment was entered in his favor, and before it was vacated.

1. Answer, good against demurrer.

It is averred that the land was and is reasonably worth $480, and he asks a judgment against the plaintiff for that amount. The original judgment was properly vacated by the court, under § 77 of the code. It appears to have been rendered without other service than by publication in a newspaper, and the application having been made within the proper time, and it having been satisfactorily shown that the defendant had no actual notice of the pendency of the action, the defendant was entitled to have it vacated. On its face, the judgment that was vacated was a valid one, and hence the title to the land sold could not be disturbed or affected by the vacation, or by the proceedings in the case subsequent to the vacation. (Code, § 77; *Ogden v. Walters*, 12 Kas. 295.) The plaintiff therefore became liable to the defendant for the value of the land, and the only question remaining is, whether this right of relief could be obtained in the action. We do not regard the exception to be well founded. The policy of our code is to avoid a multiplicity of suits, and to settle in one action the whole subject-matter of any controversy between the parties. In addition to general and special denials, the defendant may set up any new matter constituting a defense, counterclaim, set-off, or right to relief, concerning the subject of the action. (Code, §§ 94, 95.) With respect to joinder of actions, it is provided that causes of action may be joined where they arise out of the same transaction, or " transactions connected with the same subject of action." (Code, § 83.) In the count objected to, the defendant sets forth a right to relief concerning the subject of the action; and the transaction upon which he relies for a recovery is directly connected with the subject of the action. The principal controversy, or subject of action, was the land which the plaintiff sold under the judgment first obtained. He claimed to be the absolute owner of the land by virtue of a tax deed, and he asked to have the pretensions or adverse claims of the defendant held void; and upon constructive service, he obtained a judgment and sold the land. The defendant procured the judgment to be vacated, as he had a right to do, and after being let in to defend, alleged in his answer that

the title set up by the plaintiff was invalid, and he asked the court to so declare. The land sold by the plaintiff was in fact the subject of the action, and the title to which cannot under the statute be disturbed by the opening of the judgment. The transaction out of which the defendant's right arose is not only connected with the subject of the action, but it arose on a sale of what forms the subject of the action under the judgment rendered in the action itself. There is no repugnance or inconsistency in the several grounds of defense set out by the defendant, and the new matter alleged affects all the parties and no others, and the defendant's right to relief thereon seems to be properly and necessarily involved in the complete determination of the controversy. The fact that the defendant's right to relief arose after the petition was filed, does not support the claim of misjoinder. The statute is not only liberal in the allowance of amendments, but it expressly provides that a supplemental petition, answer or reply alleging facts material to the case, occurring after the former petition, answer or reply, may be filed, upon notice, and upon such terms as the court may prescribe. ( Code, § 144.)

*2. Proper joinder of defenses.*

We find no error in the record, and will therefore affirm the order and judgment of the district court.

All the Justices concurring.