73   363
93   510

GEORGE W. ROBY LUMBER COMPANY (A CORPORATION)
v. EDGAR L. GRAY.

*Practice in Supreme Court—Costs.*

1. Where a copy of testimony taken upon the first trial of a case is used by an appellant in preparing a bill of exceptions after a second trial, the same being in his possession, and not pro-

cured and paid for for that purpose, the cost of such copy cannot be taxed in his favor in the Supreme Court.

2. The Court cannot interfere with the printing of briefs by counsel, unless perhaps where it is manifest that the counsel has unnecessarily extended his brief for the express purpose of adding to the costs, which would be unlikely to happen in any case.

3. In this case the cost of printing 153 pages of the record, containing the testimony of witnesses upon which no questions were raised in the court below, and no objections made to any questions asked of or answered by them, is deducted from the appellant's bill of costs on retaxation.

Motion for retaxation of costs. Argued April 16, 1889. Decided June 21, 1889. Taxed bill of costs allowed to stand, except as to two items stricken out. The facts are stated in the opinion.

*Wheeler & Bishop*, for motion.

*W. D. Fuller*, contra.

MORSE, J. Motion for retaxation of costs. It is claimed by the plaintiff that the bill of costs in this Court as taxed by the clerk should be reduced as follows:

| | |
|---|---:|
| 1. 155 fol. stenographer's minutes procured by defendant's counsel on a former trial | $15.50 |
| 2. Printing of 153 pages testimony, at 65c | 99.45 |
| 3.    "    "  200    "        "      at 65c | 130.00 |
| 4.    "    "  26    "  defendant's brief in this Court, at 65c | 16.90 |
| | $261.85 |

We think the first item should be deducted. The minutes were procured and paid for on a former trial, and were in the possession of defendant's counsel. He did not procure an additional copy, but used the minutes he had in preparing the bill of exceptions. There is no reason why the cost of such minutes should be taxed.

As to the fourth item, we cannot interfere with the printing of briefs by counsel, unless perhaps it was manifest

that the counsel had unnecessarily .extended his brief for the express purpose of adding to the costs. But this would be very unlikely ever to happen in any case, and in this case the brief of defendant's counsel was evidently made in good faith.

The deductions asked under the second and third items are claimed on the same ground, to wit, the prolixity of the record. The record contained all the evidence in the case, and one of the points strenuously argued by the counsel for the defendant was that the plaintiff had no case upon which he ought to have recovered in the court below. The argument was made here and in the court below that there was no evidence that the plaintiff ever performed the service of running the old logs, to wit, 742,653 feet, out of the Middle Branch into the Pere Marquette river to the Pere Marquette Boom Company's drive in 1883, for which it claimed $742.65; and, as the balance stated by the plaintiff in its account against defendant amounted to less than $742.65, to wit, $720.35, there should have been a verdict in defendant's favor without regard to his claim of set-off or recoupment. It is claimed by the plaintiff that it was not necessary to bring up all the evidence, and that at least 353 pages of the record were unnecessarily printed; that 153 pages contain the testimony of witnesses, upon which testimony no questions were raised in the court below, and no objections made to any questions asked of or answered by them; and that 200 other pages of the testimony were printed unnecessarily in the record; that the errors assigned on the testimony contained in said 200 pages were abandoned in this Court.

We think the record was unnecessarily prolix, but there is some conflict in the affidavits filed on this motion as to who was responsible for this prolixity in the bill of exceptions. We are satisfied that the blame was not

entirely on either side, but we cannot consent to such prolixity of the record and unnecessary expense. We shall allow the deduction for the printing of the 153 pages, being the second item, of $99.45, and leave the balance of the bill of costs to stand as taxed, minus the $15.50, the first item, heretofore referred to.

The bill of costs will be reduced $114.95, with costs of this motion to plaintiff.

The other Justices concurred.