RYAN ET AL., RESPONDENTS, *v.* MAXEY ET AL., APPELLANTS.

[Submitted November 11, 1895.  Decided November 25, 1895.]

COSTS—*Briefs.*—A printed brief being required by the rules of the supreme court the expense of printing it is a necessary disbursement within section 494, Code of Civil Procedure, 1887, allowing the prevailing party in the supreme court his costs and necessary disbursements.

*Appeal from Ninth Judicial District, Gallatin County.*

PLAINTIFF'S motion to retax costs was granted by ARMSTRONG, J. Reversed.

Statement of the case by the justice delivering the opinion.

Judgment in this case was originally in favor of Maxey *et al.* It was affirmed in 14 Mont. 81. Upon remittitur filed, the district court, on motion of the respondents, taxed the costs in favor of respondents in pursuance to section 512, Code of Civil Procedure, 1887, which is as follows :

"Whenever costs are awarded to a party by an appellate court, if he claims such costs he must, within thirty days after the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed by the preceding section, and thereafter he may have an execution therefor as upon a judgment."

One item of the costs taxed in favor of Maxey was $35 for printing brief in the supreme court. Ryan *et al.* made a motion to retax the costs as to this item. That motion was granted, and a penalty of $25 taxed against Maxey. From this order retaxing the costs, Maxey now appeals. The court held that this was an appealable order. (15 Mont. 100.) The only question now is whether the expense of printing a brief in this court may be taxed as costs against the unsuccessful party.

*Luce & Luce*, for Appellants.

DE WITT, J.—Section 494, Code of Civil Procedure, 1887, is as follows : "* * * There shall be allowed to the prevailing party in any action in the supreme court, district courts and probate courts, his costs and necessary disbursements in the action or special proceeding in the nature of an action." The rules of this court require all briefs to be printed. One may not file a brief unless it is printed. A printed brief is a necessity. The costs of printing are, therefore, a necessary disbursement in the action.

There is no claim made that the brief in this case was unnecessarily long, or that it contained so much matter that it was an abuse or an oppression to charge respondents for the same. There is no claim that the printer's charge was excessive. If unnecessary matter were printed, or the charges were excessive, there are cases which hold that the amount should

be reduced.   (4 Am. & Eng. Enc. Law, page 327.)   Those questions are not before us.

It was said, in *Roby Lumber Co.* v. *Gray,* 73 Mich. 363, 42 N. W. 839 : "As to the fourth item, we cannot interfere with the printing of briefs by counsel, unless, perhaps, it was manifest that the counsel had unnecessarily extended his brief for the express purpose of adding to the costs.   But this would be very unlikely ever to happen in any case, and in this case the brief of defendant's counsel was evidently made in good faith."

We find in *Dennis* v. *Eddy,* 12 Blatchf. 195, 7 Fed. Cas. 472 (Case No. 3,793) : "The cost of printing papers, which by a rule of court a party is required to have printed, can be taxed against the adverse party."   See, also, numerous cases cited in this report in 7 Fed. Cas.   See, also, *Salter* v. *Railroad Co.,* 86 N. Y. 401; *Northampton L. I. Ins. Co.* v. *Stewart,* 40 N. J. Law 103; *Dalbkermeyer* v. *Scholtes* (S. D.) 52 N. W. 871; *Carroll* v. *Anderson* 2 Wash. T. 366; 7 Pac. 890; 4 Am. & Eng. Enc. Law 327.

We are of the opinion that the cost of printing this brief should have been allowed.   To allow this expense has been a very general ruling of the district courts in this state.   The penalty for illegal taxation of costs must also be remitted.

The judgment is reversed, and the case is remanded, and the district court is directed to remit the penalty of $25 and to tax against the respondents the costs for printing the brief at $35.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.