[S. F. No. 180.   Department One.—March 10, 1896.]

## HIBERNIA SAVINGS AND LOAN SOCIETY, RE-SPONDENT, *v.* HENRY WACKENREUDER ET AL., APPELLANTS.

MORTGAGE—AGREEMENT FOR COMPOUND INTEREST—REDUCTION IN RATE. Where the note secured by a mortgage provided for interest at the rate of eight per cent per annum compounded monthly, an agreement to reduce the rate to six per cent per annum does not modify the clause respecting compound interest.

ID.—COMPUTATION OF INTEREST AFTER ORDER FOR JUDGMENT—ERROR IN APPELLANT'S FAVOR.—Where appellant claims an error in computing simple interest at the rate of seven per cent per annum between the time of an order for judgment and the time of the filing of findings of fact and conclusions of law; and it appears that a computation at the rate of six per cent per annum compounded monthly according to the agreement of the parties, would exceed the allowance of simple interest, the error, if there be any, is favorable to the appellant, and cannot be complained of.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*T. Z. Blakeman,* for Appellants.

*A. Tobin,* and *Thomas F. Barry,* for Respondent.

GAROUTTE, J.—This appeal is from the judgment and from an order denying appellants' motion for a new trial in an action for the foreclosure of a mortgage. The main point involved relates to the manner in which interest should be computed upon the principal of the note. It was computed by the court, in fixing the amount of the judgment, at six per cent per annum, compounded monthly, and it is now claimed by appellants that only simple interest should have been allowed. The construction of the contract between the parties determines the question involved. The contract as to the original loan called for interest at the rate of eight per cent, compounded monthly. Proceedings of fore-

closure were begun upon such contract, whereupon the mortgagor made a written proposition to plaintiff, whereby he proposed " to pay enough on the existing mortgage to reduce it to eight thousand dollars, and to then give a mortgage for the sum of eight thousand dollars, to bear interest at the rate of six per cent per annum." Plaintiff answered the mortgagor's proposition by the following resolution of its board of directors: " Application No. 11, V. Wackenreuder, for a renewal of his loan of June 29, 1881, at six per cent. Renewal declined, but present loan allowed to run at six per cent, and the attorney requested to grant a stay of sixty days."

It will be observed that the foregoing proposition of the mortgagor was rejected, and it would seem for that reason that the case now stands exactly as though no such proposition had ever been made to the bank; but after the rejection of that proposition, the bank, of its own motion and without consideration, notified the mortgagor that it had reduced the rate of interest upon the loan to six per cent, and such reduction being greatly to the benefit of the mortgagor, in the absence of anything to the contrary, we must assume was accepted by him. We think the only fair construction to be placed upon the bank's agreement, or proposition to reduce the interest to six per cent, is the one placed upon it by the trial court. Before this time the note was drawing interest at the rate of eight per cent, compounded monthly. The statement of the bank to the mortgagor only proposed to modify a single term of the note, and that was the annual rate of interest. No modification of the clause of the note pertaining to the compounding of the interest was mentioned in the bank's proposition, and we are bound to conclude that no modification as to that clause was contemplated, and that the original contract in that regard remained in *statu quo.*

Some months intervened between the time when the judgment was ordered and the time when the findings of fact and conclusions of law were filed. Complaint is

now made that interest for this period of time is com-puted in the judgment at the rate of seven per cent per annum.   Appellant has not been hurt by such compu-tation, even conceding the soundness of his contention. For, if the computation be wrong, then respondent is entitled to six per cent interest, compounded monthly, in accordance with the terms of the note, and, so com-pounded, the present judgment would be increased rather than diminished.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.