ABREY *v.* SCHELLENBERG.

LAND CONTRACTS—PURCHASE PRICE—PAYMENT—INTEREST—SUBSTI-
TUTED AGREEMENT.

  Where a contract for the sale of real estate, by the terms of
  which the price was payable March 1, 1898, with interest at 7
  per cent. until due, and at 8 per cent. after due till paid, was
  indorsed, under date of April 26th, with an acknowledgment
  that certain moneys had been paid on the principal and that
  the interest had been paid in full to July 26th, and with a pro-
  vision that "the balance of principal, with interest at 6 per
  cent., shall be paid before October 1st," the purchaser was
  thereby relieved from the obligation to pay interest at 8 per
  cent. on sums unpaid after due, and was only required to pay
  interest after October 1st, as well as between July 26th and
  October 1st, at the rate of 6 per cent.

Appeal from Wayne; Hosmer, J.    Submitted October
2, 1900.    Decided October 31, 1900.

Bill by Catherine A. Abrey against Harry L. Schellen-
berg, George T. Abrey, and others to foreclose a land
contract.   From a decree for complainant for less than
the amount claimed, she appeals.   Affirmed.

*Graves & Hatch*, for complainant.

*Franklin L. Lord*, for defendant Schellenberg.

MONTGOMERY, C. J.   On October 1, 1897, Catherine A.
Abrey, the complainant, contracted in writing to sell
George T. Abrey, one of the defendants, certain real estate
in Detroit for $9,375.   The provision regarding purchase
price recites that said purchase price George T. Abrey—

"Hereby agrees to pay the party of the first part on or
before the first day of March, 1898, with interest from the
date hereof on all sums at any time unpaid hereon at the
rate of seven per cent. per annum till due, and thereafter

at the rate of eight per cent. per annum till paid, payable semi-annually herefrom."

On April 26, 1898, George T. Abrey sold, assigned, and conveyed all his interest in the contract and the lands described therein to the defendant Harry L. Schellenberg, who assumed and agreed to perform all the terms of the contract not yet performed by said George T. Abrey, and also agreed to save said George T. Abrey and the property harmless from mechanics' liens on the brick building then in process of construction. At the same time the complainant signed a receipt indorsed on the back in the following words:

"Received on the within contract the sum of eighteen hundred and seventy-five ($1,875.00) dollars, leaving a balance due on the principal of seven thousand five hundred ($7,500.00) dollars at this date,—April 26th, '98. I also acknowledge receipt of all interest on this contract up to July 26th, 1898. The said balance of principal, with interest at 6 per cent., shall be paid before Oct. 1st, 1898."

Defendant Schellenberg thereupon went into possession of the property. He has paid nothing upon either principal or interest. On February 17, 1900, complainant filed the bill in this case for the purpose of foreclosing the land contract. On May 11, 1900, Schellenberg made a tender of $8,348 to complainant's solicitor, claiming this sum to be all that was due for principal, interest, and costs of this suit incurred to that date. The tender was refused, because a sufficient sum was not tendered, according to complainant's claim. The sum tendered was computed on the theory that the balance of the principal bore only 6 per cent. interest, payable annually, from July 26, 1898, till paid. Complainant claimed the balance of principal bore 6 per cent. interest from July 26, 1898, to October 1, 1898, and 8 per cent. interest, payable semi-annually, after October 1, 1898. This constitutes the only controversy between the complainant and the defendant Schellenberg to be passed upon in this appeal. The decree made

fixes the amount due the complainant from defendant Schellenberg, sustaining the latter's contention. Complainant appeals from this determination.

The circuit judge was of the opinion that the indorsement was meant to change the entire clause with reference to the payment of interest. The complainant contends that the only effect of the indorsement was to postpone the due day, and that the provision for payment of 8 per cent. after the maturity of the contract remained in force. It is to be noted, however, that the terms of the agreement as originally written were to pay 7 per cent. per annum till due, and 8 per cent. thereafter. The contract became due March 1, 1898. The indorsement was made thereafter, viz., on April 26, 1898, and related to the delinquent payment, which the first agreement provided should bear interest at 8 per cent. The indorsed agreement reduced this ratio from 8 per cent. to 6 per cent., and made no provision for a larger ratio on default. The default under the first contract had occurred, and the parties have, by contract, obviated the penalty of an increased rate. We agree with the conclusion of the circuit judge.

The cases cited by complainant's counsel are unlike the present. In *North* v. *Walker's Adm'r*, 66 Mo. 453, the note bore interest at 10 per cent. By agreement the time of payment was extended one year, the payor agreeing to pay 9 per cent. *during* the extended time. The court, in effect, held that the terms of the second agreement limited the reduction of interest to the extended period, and only operated as a temporary suspension of the rate specified in the note. In the present case the substituted agreement does not, in terms, limit the rate of interest fixed therein to the extended period. The case of *Hibernia Sav. & Loan Soc.* v. *Wackenreuder*, 111 Cal. 471 (44 Pac. 168), is quite unlike the present. In that case, a note by its terms providing that the interest should be compounded monthly, the payee agreed that the loan might be allowed to run at 6 per cent. (a reduced rate).

It was held that this concession related solely to the rate, and did not abrogate the agreement as to compounding.

The decree is affirmed, with costs to defendant.

The other Justices concurred.