[Civ. No. 995. Third Appellate District.—October 15, 1912.]

## ANNIE BOND, Appellant, v. UNITED RAILROADS OF SAN FRANCISCO, Respondent.

APPEAL—COSTS—EXPENSE OF PRINTING BRIEFS NOT TAXABLE.—The expense of printing briefs on appeal is not allowable as costs to the prevailing party, in view of rule XIII of the supreme court, allowing only the expense of printing transcripts or other papers constituting the record in original proceedings, required by its rules to be printed, to be taxed in bills of costs in the usual mode, notwithstanding briefs are required to be printed under subdivision 4 of rule II of that court.

ID.—CONSTRUCTION OF CODE SECTIONS—"DISBURSEMENTS"—"COSTS" ON APPEAL.—The term "disbursements" used in sections 1021 and 1033 of the Code of Civil Procedure, adds no strength to the statute except possibly its use may justify the court in construing the term "costs" used therein more liberally than it might otherwise do. But section 1034 of that code which relates to "costs" upon appeal makes no mention of "disbursements" but is confined by its terms to "costs" and must be construed in the light of rule XIII of the supreme court. Until that rule is amended, the costs of printing briefs cannot be taxed or allowed either as "costs" or as "disbursements" to the prevailing party.

ID.—COSTS IN SUPERIOR COURT—DISCRETION OF TRIAL JUDGE—REVIEW UPON APPEAL.—Since the legislature has failed to specifically enact what shall constitute recoverable costs in an action in the superior court, it has been held by the supreme court that "the allowance or disallowance of items for expense and disbursement incurred upon the trial of the action must be left, in nearly every instance, to the discretion of the judge where the cause was tried," subject to review upon appeal. The same principle applies to its retaxation of costs upon appeal, its ruling being subject to review upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion to retax costs claimed after the reversal of appeals taken from said superior court to the supreme court. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, for Appellant.

A. A. Moore, Stanley Moore, and Wm. M. Cannon, for Respondent.

CHIPMAN, P. J.—This is an appeal from the order of the superior court in said action granting the motion of defendant to retax the costs. It appears that plaintiff commenced an action in the superior court against defendant. The cause was tried by a jury and plaintiff had a general verdict for the sum of four thousand five hundred dollars. The jury also returned a verdict on certain special issues. The trial court thereafter entered judgment on the verdict for four hundred and five dollars. Plaintiff moved for an order vacating said judgment and for a judgment in her favor for the sum of six thousand nine hundred dollars, or for four thousand five hundred dollars, which motion, by order of the court, was denied. Plaintiff appealed from said order and judgment to the supreme court which resulted in a judgment of the supreme court reversing the judgment of the superior court and directing that judgment be entered ''upon said verdict in favor of plaintiff and against said defendant for the sum of four thousand five hundred dollars, interest and costs.'' Upon the going down of the *remittitur* plaintiff's attorneys duly filed a memorandum of costs and disbursements, among which were the following items:

''Printing appellant's points and authorities, 62
    pages ................................................ $52.70
Printing appellant's closing brief, 240 pages....... 240.00
Printing petition for modification of judgment, 7
    pages ............................................. 6.00''

Defendant moved to strike out these items on the ground ''that said items and each of them were and are not necessary disbursements on the part of plaintiff''; that they are not ''legally chargeable as costs'' or ''proper subject of charge''; that they are not ''within the intent and purpose of the statute allowing costs and disbursements'' and that they ''were paid voluntarily by plaintiff for her own benefit.'' The court made an order granting the motion and the appeal is from this order.

The statutory provisions relating to costs are found in part II, title XIV, chapter VI of the Code of Civil Procedure, sections 1021 et seq. Section 1021 provides that the compen-

sation of attorneys rests with the parties by their agreement express or implied; but "parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided." Section 1022 provides: "Costs are allowed of course to the plaintiff upon a judgment in his favor, in the following cases": Five different classes of cases are enumerated, including actions for the recovery of money or damages. Section 1025 provides: "In other actions than those mentioned in section ten hundred and twenty-two, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court," where recovery is not less than three hundred dollars. Section 1027 provides: "In the following cases, the costs of appeal is (are) in the discretion of the court: "1. When a new trial is ordered; 2. When a judgment is modified." Section 1033 provides: "The party in whose favor the judgment is rendered, and who claims his costs must deliver to the clerk . . . a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified . . . stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding. A party dissatisfied with the costs claimed may . . . file a motion to have the same taxed by the court in which the judgment was rendered, . . ." Section 1034 provides: "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed by the preceding section," and thereafter he may have an execution therefor as upon a judgment."

Rule II, subdivision 4, of the supreme court, reads as follows: "Thirty days after the filing of the transcript the appellant shall file with the clerk his printed points and authorities. . . . Within thirty days after the service of appellant's points and authorities the respondent shall file and serve his printed points and authorities; and within ten days after the service of respondent's points the appellant may file a reply." In directing what printing expenses should be taxable as costs the supreme court, in 1904, adopted: "Rule XIII. Cost of Printing. The expense of

printing transcripts on appeal in civil cases, and pleadings, affidavits or other papers constituting the record in original proceedings upon which a case is heard, required by these rules to be printed, shall be allowed as costs in bills of cost in the usual mode." The foregoing are all of the statutory provisions and rules of the supreme court, called to our attention, in the matter of costs, which seem to have any direct bearing on the question. The provisions of the Practice Act and the early statutes are cited by counsel but the differences between them and the code provisions do not appear to cast any light on the subject and no decisions directly to the point in question, arising under the earlier law, have been found.

The position taken by appellant is that the filing of a printed brief being mandatory under the rules of the supreme court, the cost of printing her brief became a necessary disbursement which the statute requires should be taxed as costs and paid by the losing party. It is also contended that if rule XIII is to be construed as denying her this right it is in contravention of the statute and, therefore, unauthorized and void.

Costs were not recoverable at common law and are only given by statutory direction and their allowance will depend on the terms of the statute. (*Bennet* v. *Kerth*, 37 Kan. 335, [1 Am. St. Rep. 248, 15 Pac. 221]; *Apperson* v. *Mutual Ben. Life Ins. Co.*, 38 N. J. L. 388.) The right to recover costs is purely statutory and, in the absence of statute, no costs could be recovered by either party. (*Fox* v. *Hale & Norcross S. M. Co.*, 122 Cal. 219, [54 Pac. 731].) "The allowance of costs does not depend on the form or nature of the action but depends upon the fact whether the case comes within the terms of the statute relating to costs." (*Sierra Union M. & M. Co.* v. *Wolff*, 144 Cal. 430, [77 Pac. 1038].) There are seventeen sections in the chapter relating to costs, in but two of which is the term "disbursements" mentioned—namely, sections 1021 and 1033. By section 1021 "parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided." All the sections following deal with "costs" and make no mention of "disbursements" or of "necessary disbursements," except in section 1033 the terms used, in directing what shall be included in the memorandum, are costs and "necessary disbursements." And it will be

observed that in that same section "a party dissatisfied with the costs claimed" may "file a motion to have the same taxed by the court." And section 1034, which relates to costs on appeal, makes no mention of disbursements but is confined by its terms to "costs." It will be noticed, too, that section 1021 uses the term "disbursements" while section 1033 mentions "necessary disbursements." If it be insisted that the term "disbursements," as used in section 1021, means expenses separate and distinct from expenses classed as "costs," the subsequent sections fail to make any provision for the payment of disbursements and section 1021 authorized costs and disbursements only "as hereinafter provided." Section 1033 provides merely the mode of proceeding by "the party in whose favor a judgment is rendered, and who claims his costs," and by the party who is "dissatisfied with the costs claimed." It is clear to our minds that the term "disbursements" adds no strength to the statute except possibly that its use may justify the court in construing the term "costs" more liberally than it might otherwise feel authorized to do. "In general use, the term 'costs,' when employed with reference to litigation, embraces both disbursements and specific sums allowed by statute as indemnity to the prevailing party for his expenses. In a narrower sense, the term 'costs' excludes disbursements. Giving the term its liberal signification, it would embrace only the taxable costs and disbursements." (*Hegar* v. *De Groat,* 3 N. D. 354, [56 N. W. 150] ; *Price* v. *Garland,* 4 N. M. 365, [20 Pac. 182].) The supreme court, in *Showers* v. *Wadsworth,* 81 Cal. 270, [22 Pac. 663], in construing the word "costs" as used in section 2778 of the Civil Code, subdivisions 2 and 3, said that it "is used in an extended sense and includes all things which are necessary in order to make the litigation effectual." That section relates to rules for interpreting agreements of indemnity and provides for agreements indemnifying "against claims, or demands, or costs," and "embraces the 'costs' of defense against such claims," etc. The court obviously had reference to "costs" incurred in some form of litigation in the courts and its interpretation in that case would seem to apply to the term "costs" used in the Code of Civil Procedure. But who is to determine what things are "necessary in order to make the litigation effectual"; and what limit is to be placed to

these expenses? The statute does not specify what shall constitute "costs." We have provisions for jury fees, witness fees, and fees for filing certain papers in the action, referee's fees, costs in foreclosure, in partition, in probate proceedings, receiverships, and others that might be mentioned, but we have no general fee bill. When a new trial is ordered on appeal and when a judgment is modified the costs of the appeal are in the discretion of the court. (Sec. 1027.) But in other cases the plaintiff is allowed his costs "of course," upon judgment in his favor. (Sec. 1022.) So that, after all is said, we are brought down to the question—What are "costs" as intended by the use of that term; and, where else can we go but to the courts for an answer?

Our supreme court has said that "the allowance or disallowance of items for expense and disbursements incurred upon the trial of the action must be left in nearly every instance to the discretion of the judge where the cause was tried." (*Miller* v. *Highland D. Co.,* 91 Cal. 103, [27 Pac. 536].) This is necessarily so since the legislature has failed to do what in some of the states it has done, that is, to specifically enact what shall constitute recoverable costs. If it is true as to expenses incurred in the trial court, it is equally true as to expenses incurred in the appellate court. In the trial courts the question is disposed of on motion to retax the costs and the items are then and there passed upon, the ruling being subject to review in the appellate court. In *Fox* v. *Hale & Norcross,* 122 Cal. 219, [54 Pac. 731], and in *Bathgate* v. *Irvine,* 126 Cal. 135, [77 Am. St. Rep. 158, 58 Pac. 442], and among many others, will be found illustrations where the supreme court reviewed the findings of the trial court on the cost bill. But the supreme court made a rule (XIII) defining precisely the costs allowable to the prevailing party on appeal. The cost of printing briefs is not provided for and, by the inclusion of the items named, the rule excludes other printing costs. It was competent for the court to make the rule in advance of the filing of the transcript on appeal. It had the same power to decide in advance, by promulgating rule XIII, that the expense of printing briefs would not be allowed as costs, as it has to pass upon the question in each case after the hearing. It was an exercise of a discretion

lodged in the court which, by reason of the present condition
of the statute law, it was forced to exercise and could not be
exercised elsewhere.

The practice throughout the United States is by no means
uniform. In some states such expenses are provided for by
statute; in some others they are allowed as necessary dis-
bursements because the rules of the court so holding require
the briefs to be printed, and they treat the compulsory
feature of the rule as imposing a burden which the losing
party should carry. Appellant has industriously gathered
many such cases.

In the supreme court of the United States disbursements by
counsel for parties for printing briefs have never been
allowed. (*Ex parte Hughes,* 114 U. S. 548, [29 L. Ed. 281, 5
Sup. Ct. Rep. 1008]. It has been so held to be the practice
in other federal courts. (*Lee Injector Mfg. Co.* v. *Pemberthy
Injector Co.,* 109 Fed. 964, [48 C. C. A. 760]; *Kursheedt
Mfg. Co.* v. *Naday,* 108 Fed. 918, [48 C. C. A. 140].) In
*Luxfer Prism Patents Co.* v. *Elkins* et al., 99 Fed. 29, the
court, by McPherson, J., said: "The expense of printing the
brief is nowhere made by statute a part of the taxable costs,
and there is no rule or practice in this circuit permitting it.
Neither do I think it a desirable practice to establish, for it
would enable the successful party to impose upon the other
excessive charges for printing, or lead to constant disputes
about the necessity or propriety of the matter printed."
Our own experience leads us to the same conclusion as matter
of wise policy. We frequently have so-called briefs that are
filled with extended quotations from cited cases and page
after page of the testimony of witnesses. Sometimes we have
briefs that are lengthy disquisitions on elementary principles
of law which need but to be stated to be admitted and often
are conceded. Without knowing the facts in the case now
here, we venture to think that a closing brief of 240 pages,
following an opening brief of 62 pages, was needlessly "long
drawn out."

In a Louisiana case a rule of court required the briefs to
be printed and it was contended that the expense was a neces-
sary disbursement and taxable as costs. The court said:
"The rules of this court require . . . as a mode of proceed-
ing, a printed brief, in the interest of the parties litigant, to

assist it in the examination and determination of controversies; but they do not authorize the taxing of the cost of printing the same among the costs of the suit. This has never been done. There is, indeed, no more reason to have the party cast pay the costs of putting in print the argument of opposite counsel than there would be to have him pay for the oral argument. In the absence of any positive law, or of any authorized rule or line of precedents, supporting the pretension of the plaintiff, this court cannot recognize it, without usurping the powers vested in another branch of the government." [*Cline* v. *Crescent City R. Co.,* 42 La. Ann. 36, 7 South. 67].

The Oklahoma statute reads as follows: "When a judgment on final order is recovered, the plaintiff in error shall recover his costs, including the costs of the transcript filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties." [Okl. Comp. Laws 1909, sec. 6088]. In a case arising under the statute the court said: "The foregoing statute is the only rule there is upon the subject. The expense of printing briefs has never at any time within this jurisdiction been held to be a proper item of costs. Our statute nowhere enumerates it as such, and no rule of this court has ever made this expense a proper charge against an unsuccessful litigant. If it ever should be made, and held to be a proper charge, in our judgment it would arise upon a statute or rule (conceding that this court would have the power to make such a rule) and not upon a declaration in the first instance, as we are here requested to make." [*Combs* v. *Miller,* 25 Okl. 2, 105 Pac. 322].

The question seems never to have been directly raised in the supreme court of this state in a case where the code sections were noticed and construed. It was passed upon, however, in the case of *Hibernia Sav. & L. Soc.* v. *Behnke,* 121 Cal. 340, [53 Pac. 813], where the court said: "The item of seven dollars for 'printing points,' etc., was not an obligation of the defendant, and the plaintiff was not authorized to include it in his accounts." To understand the ruling it should be stated that, in *Hibernia etc. Soc.* v. *Wackenreuder,* 111 Cal. 471, [44 Pac. 168], a foreclosure action, in taxing the costs in the lower court the expense of printing was

allowed as costs.  It was claimed that, on sale of the mort-
gaged premises· to satisfy the judgment, the indebtedness was
represented to be greater than it was in fact and had the
effect of keeping away bidders.  The action in the Behnke
case was to vacate the sale.  The court refused to vacate the
sale although it said the item was improperly included in the
cost bill.  Appellant claims that ''the expense of printing
brief was not passed upon by either the superior court or the
supreme court in that case.''  We cannot understand how the
court could have found a place for the statement quoted if
the matter had not arisen through a cost bill.  However the
fact may be, it is beyond dispute that the costs of printed
briefs on appeal have never, within the knowledge of any
member of this court, been allowed as a legitimate item of a
cost bill.  Rule XIII was promulgated in 1904 and how long
it was the rule in practice before that we do not know except
from our own experience at the bar, which as to the writer
of this opinion, runs back 35 years.  The Hibernia Bank case
was decided in 1898.  Until it is changed by the supreme
court or by the legislature it must govern the subject.  In
Mr. Hayne's valuable work on New Trial and Appeals (new
ed.) p. 1711, it is stated that the printing of briefs cannot be
taxed as costs.  We refer to this as evidence of the prevailing
practice.

Appellant relies confidently on *Ryan* v. *Maxey et al.,* 17
Mont. 164, [42 Pac. 760], for the reason, as is claimed, that
in the state of Montana the law governing costs is quite sim-
ilar to ours.  *Bell* v. *Superior Court,* 150 Cal. 31, [87 Pac.
1031], is cited to show that our supreme court followed the
Montana court in its interpretation of sections 1033 and 1034,
there being corresponding sections in the Montana code.  The
question there, however, related to giving notice of the filing
of the cost bill.  Appellant simply remarks that if the Mon-
tana view of those sections as to the necessity for notice is
sound we should follow the Montana court in the matter of
what constitute taxable costs.  In *Ryan* v. *Maxey,* 17 Mont.
164, [42 Pac. 760], the question was whether the expense of
printing briefs in the supreme court was a legal charge as
costs.  Section 494 of the Montana Code of Civil Procedure
(1887), as quoted in the opinion, is as follows: '' . . . There
shall be allowed to the prevailing party in any action in the

supreme court, district courts, and probate courts, his costs and necessary disbursements in the action or special proceeding in the nature of an action." The rules of the supreme court of Montana required all briefs to be printed. Said the court: "A printed brief is a necessity. The costs of printing are, therefore, a necessary disbursement in the action. . . . We are of the opinion that the cost of printing this brief should have been allowed. To allow this expense has been a very general ruling of the district courts in this state." All that can be claimed of this decision is that in that state the terms "costs and necessary disbursements" are held to embrace the expense of printing briefs and to allow this expense in the district courts and probate courts as well as in the supreme court. The case goes no further than to hold that the terms used in the statute should be construed to embrace the expense of printing briefs, rather as matter of fairness than of absolute right. However, our supreme court has, in the exercise of what we conceive to be within its powers, made a rule against such an allowance. If a different practice is to be inaugurated the authority must come from that court.

The order is affirmed.

Hart, J., and Burnett, J., concurred.