Gustavo Muñoz Díaz, Plaintiff and Appellant, *v.* Pedro Solá Colón, Defendant and Appellee.

No. 6584. Argued January 22, 1934.—Decided January 25, 1934.

*R. Atiles Moréu* for appellant. *González Fagundo & González, Jr.,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

On November 8, 1933, the District Court of Humacao adjudged the plaintiff, Gustavo Muñoz Díaz, to pay to the defendant, Pedro Solá Colón, the sum of $655 as costs and attorney's fees. This decision was entered when the court ruled, with the appearance of both parties, upon a memorandum of costs filed by the defendant. Feeling aggrieved by that decision, the plaintiff took the present appeal.

The defendant has moved for a dismissal of the appeal because neither the transcript of the evidence, nor the bill of exceptions, nor the statement of the case has been filed, and because the term for filing the record of appeal expired on December 22, 1933, without said record having been filed in this Supreme Court. The defendant maintains that the appeal taken is wholly frivolous, because, as this court lacks sufficient information to be able to determine whether or not the ruling appealed from is erroneous, the presumption that the lower court decided the question in accordance with the record must prevail.

In opposition to the motion of the defendant, the appellant urges that the transcript of the record has already been filed, and that no transcript of the evidence or statement of the case is necessary in order to support the questions of law which he proposes to raise. He argues that the appeal is not frivolous, and that he proposes to establish (*a*) that in Puerto Rico there are no witness' fees; (*b*) that notice of the memorandum of costs must be served on the party, since after a judgment becomes final, the representation of the attorney ceases and the party is the only person who should be notified; and (*c*) that the memorandum of costs in the instant case should have been sworn to by the party and not by the attorney.

The total amount allowed by the lower court to the defendant-appellee is distributed as follows:

| | |
|---|---|
| Clerk's fees | $5.00 |
| Witness' fees | 50.00 |
| Fees of the defendant's attorney | 600.00 |

In his memorandum the defendant claims $150 for fees of witnesses during the time that the trial lasted. The plaintiff limited himself to challenging this item as excessive, saying that it should be reduced to a reasonable sum, without advancing any other objection. Now, on appeal, he maintains that in Puerto Rico there are no witness' fees. The original judgment which must have served as a basis for the memorandum of costs, does not appear from the record. This omission would, perhaps, be sufficient for the dismissal of the appeal. *Compañía Azucarera del Toa* v. *Galán et al.,* 30 P.R.R. 188. However, we must assume, since we do not know the evidence offered, because a transcript thereof was not sent up to this court, that the lower court allowed $50 for witness' fees in order to compensate the appellee for the expenses and disbursements necessarily incurred. The word "costs," in its widest acceptation, also includes disbursements. The District Court of Appeals of California,

Third District, so holds in the case of *Bond* v. *United Railroads,* 20 Cal. A. 124, 128 Pac. 786; and this court has so ruled in the case of *Brac* v. *Ojeda et al.,* 27 P.R.R. 605, construing section 339 of the Code of Civil Procedure, as amended by Act No. 15 of November 19, 1917.

In *Bond* v. *United Railroads, supra,* the California court says that, in its general sense, the word "costs," when used in regard to litigations, includes disbursements and specific sums allowed by law as compensation to the winning party for its expenses. In its restricted acceptation, the word "costs" excludes disbursements, but if this term is given a liberal meaning it includes, according to the same court, taxable costs and disbursements.

In *Brac* v. *Ojeda et al., supra,* this court declared that in accordance with Act No. 15, cited, the imposition of costs includes also the payment of the disbursements necessarily made by the party to which they were allowed, and the payment of the fees of its attorney. It is, then, evident that the lower court acted within its powers in approving the item referring to witness' fees. As this court is not in a position to express any opinion whatever in regard to the evidence which, as we have already stated, has not been brought before this court, we must assume that the lower court allowed the said sum to compensate the defendant for the disbursements necessarily made, taking into account the evidence offered.

It appears that the notice of the memorandum of costs was served on the attorney of the plaintiff, and this is sufficient. *Domínguez as Guardian* v. *Díaz,* 18 P.R.R. 947. The verification made by the attorney is also sufficient.

From the record brought before this court, it clearly appears that the appeal taken is frivolous and must be dismissed.