Gustavo Muñoz Díaz, demandante y apelante, *v.* Pedro Solá Colón, demandado y apelado.

No. 6584.—*Sometido:* Enero 22, 1934. *Resuelto:* Enero 25, 1934.

*R. Atiles Moréu,* abogado del apelante; *González Fagundo & González Jr.,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En 8 de noviembre de 1933 la Corte de Distrito de Humacao condenó al demandante Gustavo Muñoz Díaz a satisfacer al demandado Pedro Solá Colón la cantidad de $655 por concepto de costas y honorarios de abogado. Esta resolución se dictó al resolver la corte, con la comparecencia de ambas partes, un memorándum de costas radicado por la parte demandada. No conforme el demandante con la mencionada resolución, interpuso contra la misma el presente recurso de apelación.

La parte apelada solicita la desestimación del recurso porque no se ha radicado transcripción de evidencia, ni pliego de excepciones ni exposición del caso y porque el término para radicar la transcripción de la apelación vencíó el día 22 de diciembre de 1933, no habiéndose radicado en dicha fecha en esta Corte Suprema. Entiende la parte apelada que la apelación interpuesta resulta completamente frívola, porque, careciendo esta corte de información suficiente para poder considerar si la resolución apelada es errónea o no, debe prevalecer la presunción de que la corte inferior resolvió la cuestión de acuerdo con las resultancias de los autos.

En oposición a la solicitud del demandado, alega el apelante que la transcripción de autos ha sido ya radicada y que no necesita transcripción de evidencia o exposición del caso para sostener las cuestiones de derecho que tiene el propósito de plantear. Arguye que la apelación no es frívola y que se propone demostrar (a) que no existe en Puerto Rico derecho a indemnizar a los testigos; (b) que el memorándum de costas hay que notificarlo a la parte, pues después que una sentencia es firme cesa la representación del abogado y es la parte la única persona a quien debe hacerse la notificación; (c) que el memorándum de costas en este caso debió ser jurado por la parte y no por el abogado.

■■■ La cantidad concedida por la corte inferior al demandado apelado se distribuye en la siguiente forma:

| | |
|---|---|
| Honorarios del secretario_____ | $5.00 |
| Indemnización de testigos___._____ | 50.00 |
| Honorarios de abogado del demandado_____ | 600.00 |

El demandado reclamó en su memorándum $150 por indemnización de testigos durante las tres veces que se celebró el juicio. El demandante se limitó a impugnar esta partida por excesiva, diciendo que debía rebajarse a una suma razonable, sin establecer ninguna otra objeción. Ahora sostiene en apelación que no existe en Puerto Rico derecho a indemnizar a los testigos. No aparece en los autos la sentencia original que debió servir de base al memorándum de

costas. Esta omisión sería acaso bastante para desestimar la apelación. *Compañía Azucarera del Toa* v. *Galán,* 30 D. P.R. 199. Sin embargo, debemos asumir, ya que no conocemos la evidencia aportada, por no haberse elevado a esta corte una transcripción de la misma, que la corte inferior concedió $50 por indemnización de testigos, para resarcir al apelado de gastos y desembolsos necesariamente hechos. La palabra *costas,* en su más amplia acepción, incluye también desembolsos. Así lo sostiene la Corte de Distrito de Apelaciones de California, Tercer Distrito, en el caso de *Bond* v. *United Railroad,* 20 Cal. A. 124, 128 Pac. 786; y así lo ha sostenido esta corte en el caso de *Brac* v. *Rafael Ojeda,* 27 D.P.R. 658, interpretando el artículo 339 del Código de Enjuiciamiento Civil, tal y como fué enmendado por la Ley número 15 de 19 de noviembre de 1917.

En *Bond* v. *United Railroads,* supra, la Corte de California dice que en su sentido general la palabra *costas,* cuando se emplea con referencia a litigios, comprende desembolsos y sumas específicas permitidas por la ley como indemnización a la parte victoriosa por sus gastos. En su acepción más estrecha, la palabra *costas* excluye desembolsos, pero dándole a esta palabra un significado liberal, comprende, según la misma corte, las costas tasables y los desembolsos.

En el caso de *Brac* v. *Ojeda,* supra, esta corte dice que de acuerdo con la Ley número 15 citada, la condena de costas comprende también el pago de los desembolsos necesariamente hechos por la parte a quien fueron concedidos y el de los honorarios de su letrado. Es, pues, evidente que la corte inferior giró dentro de sus atribuciones al aprobar la partida que se refiere a indemnización de testigos. No estando esta corte en condiciones de emitir juicio alguno con respecto a la prueba que, como ya hemos dicho, no ha sido elevada a este tribunal, debemos asumir que el tribunal inferior concedió la referida suma para resarcir al demandado de desembolsos en que necesariamente incurriera, teniendo en cuenta la evidencia aportada.

██ El memorándum de costas aparece notificado al abogado de la parte demandante, y esto basta. *Domínguez v. Díaz*, 18 D.P.R. 986. El juramento prestado por el abogado es también suficiente.

*De los autos elevados a este tribunal resulta claramente que el recurso de apelación interpuesto es frívolo y que debe ser desestimado.*