## SOMERVILLE *v.* WABASH RAILROAD CO.

COSTS—EXPENSE OF OBTAINING SURETY ON APPEAL BOND.

Act No. 266, Pub. Acts 1895, entitled "An act relative to bonds, * * * and the acceptance as surety thereon of companies qualified to act as such, * * * and to the charging by fiduciaries of the expense of procuring sureties," providing, *inter alia*, that the party entitled to costs in any action may include therein such reasonable sum as may have been paid to a surety company for executing any bond or other obligation in such action, does not authorize the taxation as costs of money paid by a party litigant to such company for signing an appeal bond, where the party does not occupy the relation of a fiduciary.

Motion by the defendant in the case reported in 109 Mich., at page 294, for a retaxation of costs therein. Submitted June 30, 1896.   Denied December 4, 1896.

*Alfred Russell*, for the motion.

*John G. Hawley, contra.*

MOORE, J.   This is an application for a retaxation of costs on the grounds—*First*, that the clerk did not allow all that should have been allowed for printing the record and briefs; and, *second*, because an item of $10 paid to a surety company for signing the appeal bond was not taxed.

An inspection of the record shows that the amount taxed by the clerk of this court for printing the record and briefs was all that the appellant was entitled to have taxed. It was fully equal to what printers generally charge for doing work of like character.

It is claimed that under the provisions of Act No. 266, Pub Acts 1895, the item of $10 should be taxed. The title of this act reads as follows:

"An act relative to bonds and other obligations with surety or sureties, and the acceptance as surety thereon of companies qualified to act as such, and the release of such surety, and the safe depositing of assets for which such surety may be liable, and to the charging by fiduciaries of the expense of procuring sureties, and repealing all laws in conflict therewith."

There is nothing in the title of the act to indicate that money paid by a party litigant to a surety company for signing an appeal bond could be recovered as taxable costs, where the party did not occupy the relation of a fiduciary. I do not think the item of $10 was properly taxable.

The motion is denied.

The other Justices concurred.