[L. A. No. 2249.    Department Two.—August 14, 1909.]

## J. H. WILLIAMS, Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Respondent.

COSTS—CLAIM AND DELIVERY—CHARGE OF SURETY COMPANY FOR REPLEVIN BOND.—The reasonable charge paid to a surety company for a replevin bond, procured *pendente lite* by a plaintiff ultimately successful in an action of claim and delivery, is not a proper item in a cost-bill. Such a charge is not *necessarily* incurred within the meaning of section 1033 of the Code of Civil Procedure.

ID.—RIGHT TO COSTS IS STATUTORY.—The right to recover costs is purely statutory, and, in the absence of a statute, no costs can be recovered by either party.

APPEAL from an order of the Superior Court of San Diego. County striking out an item from a cost-bill. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellant.

T. J. Norton, M. W. Reed, and J. Wade McDonald, for Respondent.

HENSHAW, J.—This was an action of claim and delivery for the recovery of specific personal property or its value. To obtain possession of the property pending the action, plaintiff proceeded under the provisions of the code, filed an undertaking in twice the estimated value of the property, and, under this undertaking, took the property into possession. He secured his bond from a surety company, as authorized by section 1056 of the Code of Civil Procedure, and in his memorandum of costs and disbursements, included the item of $43.75 premium charge paid for the bond. On motion of defendant the court, in taxing the costs, struck this item from the bill, and from its order so doing plaintiff appeals. The sole question presented, therefore, is whether the reasonable charge paid to a surety company for a replevin bond, procured *pendent lite* by a plaintiff ultimately successful, is or is not a proper item in a cost-bill.

The right to recover costs is purely statutory, and, in the absence of a statute, no costs can be recovered by either party. (*Fox* v. *Hale & Norcross S. M. Co.,* 122 Cal. 219, [54 Pac. 731].) Section 1023 of the Code of Civil Procedure is the statute which gives the right of the recovery of costs. Section 1033 prescribes the procedure for their recovery, and defines what costs and disbursements are recoverable. That section declares, in effect, that one may recover disbursements *necessarily* incurred in the action. The right accorded to a party, upon filing a proper bond, to take into possession the personal property in dispute, is a privilege accorded him by law. It is not a necessity to his cause of action. And while a replevin bond is a necessity, if he so desires to take possession, the filing of such an undertaking by a surety company is likewise not a necessity, but a special privilege accorded under the statute. The cases are numerous where specific items charged as costs have been disallowed for lack of statutory authority, and no authority in the statute can be found for the allowance of an item such as this. So far as the adjudicated cases are concerned, it will be found that the premiums paid for an appeal-bond and for a *supersedeas* bond were allowed in the circuit court in *Edison* v. *American Mutoscope Co.,* 117 Fed. 192, it being declared that, under authority for taxing legitimate and proper disbursements rendered necessary by rules of practice, "these premiums seemed to be such disbursements." On the other hand, in *In re Hoyt,* 119 Fed. 987, it is held that the amount paid as a premium on such a surety bond cannot be taxed as costs, since permission to give such a bond by a surety company is a privilege and convenience, and not a necessity. To the same effect is *The Willodene,* 97 Fed. 509; *Lee Injector Mfg. Co.* v. *Pemberthy I. Co.,* 109 Fed. 964; *Somerville* v. *Wabash R. Co.,* 111 Mich. 51, [69 N. W. 90], and *Wadleigh* v. *Duluth St. Ry. Co.,* 92 Minn. 415, [100 N. W. 363].

If it shall seem desirable that such costs shall be permitted, it will be an easy matter for the legislature to make provision to that end. In the present condition of the law the order appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.