[Civ. No. 1199.   Third Appellate District.—December 1, 1913.]

## FRANK KUMMETH, Petitioner, v. F. D. ATKISSON et al., Respondents.

COSTS—NECESSITY OF STATUTORY PROVISION FOR ALLOWANCE.—The right to recover costs is a matter of statutory regulation, and, in the absence of a statute, no costs can be recovered by either party.

ID.—MANDAMUS IN APPELLATE COURT—COSTS OF TAKING DEPOSITION.— Sections 1022 and 1033 of the Code of Civil Procedure authorize the recovery of costs in an original proceeding in an appellate court for a writ of mandate; and the expense of taking a deposition, if necessarily and legally incurred, is within the contemplation of such sections.

ID.—DEPOSITION TAKEN PRIOR TO APPEARANCE BY RESPONDENT.—But where depositions in such a proceeding are taken on behalf of the respondent prior to his appearance and the presentation therein of any issue of law or of fact, the expense of taking them is not properly chargeable against the petitioner on the denial of the writ, under section 2021 of the Code of Civil Procedure providing that the testimony of a witness may be taken by deposition "in a special proceeding after a question of fact has arisen therein."

MOTION to tax costs in a proceeding for a writ of Mandate.

The facts are stated in the opinion of the court.

W. D. Crichton, and C. K. Bonestell, for Petitioner.

H. A. Savage, for Respondents.

BURNETT, J.—This is a motion to tax costs in an original proceeding in this court for a writ of mandate. A demurrer to the petition was sustained and the peremptory writ was denied. All the items specified in the memorandum of costs filed therein include and relate to disbursements made on the taking of depositions of several witnesses on behalf of respondents.

It is well settled that the right to recover costs is a matter of statutory regulation and, in the absence of a statute, no costs can be recovered by either party. (*Williams* v. *Atchison etc. Ry. Co.*, 156 Cal. 140, [134 Am. St. Rep. 117, 19 Ann.

23 Cal. App.—26

Cas. 1260, 103 Pac. 885]; *Bond* v. *United Railroads of San Francisco,* 20 Cal. App. 124, [128 Pac. 786].)

Sections 1022 and 1033 of the Code of Civil Procedure authorize the recovery of costs in a case like this, and the expense of taking a deposition, if necessarily and legally incurred, is within the contemplation of said provisions. (*Naylor* v. *Adams,* 15 Cal. App. 353, [114 Pac. 997].) But, to make the expense in taking it chargeable against the losing party, the deposition must, of course, be authorized by the statute. As to that the particular provision of the law applicable here is section 2021 of the Code of Civil Procedure, as follows: "The testimony of a witness in this state may be taken by deposition in an action at any time . . . in a special proceeding after a question of fact has arisen therein," etc.

An application for a writ of mandate is undoubtedly a "special proceeding" and at the time the depositions herein were taken it is shown that there had been no appearance by respondents, and no issue of law or fact was presented until the demurrer and answer were filed at the time the order to show cause was heard, some two weeks after said expense was incurred.

It is entirely clear, therefore, that the said costs are not legally chargeable against petitioner and all the items specified in the cost bill filed herein should be and are disallowed.

Chipman, P. J., and Hart, J., concurred.