[Civ. No. 3189. First Appellate District, Division One.—February 4, 1920.]

## THE PEOPLE, Respondent, v. MARY R. FERAUD, Appellant.

[1] REDLIGHT ABATEMENT ACT—EXPENSES OF INVESTIGATIONS PRIOR TO SUIT—COSTS.—In a suit instituted under the "Redlight Abatement Act," the plaintiff is not entitled to be allowed, as costs, the expenses of its investigations which resulted in the filing of the suit. The provisions, found in subdivision 3 of section 8 of the act, for the payment of "plaintiff's costs in said action" includes only such items as are ordinarily allowed in an equitable proceeding.

[2] ID.—RIGHT TO CLOSE PREMISES PRIOR TO JUDGMENT—EXPENSE OF GUARDS PENDING TRIAL—COSTS.—In such suit the court may not take possession of the questioned premises, by placing keepers therein, nor may it order the same closed, prior to judgment; and the plaintiff is not entitled to be allowed, as costs, the expense of guards placed in charge of the premises in question after the commencement of suit and before trial, pursuant to the terms of a preliminary injunction.

[3] COSTS—NATURE OF RIGHT TO—WHEN MAY BE RECOVERED.—The right to recover costs is purely statutory, and in the absence of statute, no costs can be recovered by either party, whether the court is sitting as a court of law or of equity.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to tax costs. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Gurney E. Newlin, A. W. Ashburn and Eugene D. Williams for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by the defendant Feraud from an order denying her motion to tax costs in a suit instituted by the district attorney of Los Angeles County under the "Redlight Abatement Act." (Stats. 1913, p. 20.)

[1]    The contested items aggregate $435.65 and constitute two charges; first, for the services of plaintiff's agents in investigating and securing evidence before the commencement of the suit of the existence of the alleged nuisance; and, secondly, for the services, meals, and carfare of "guards" placed by plaintiff in charge of the premises in question after the commencement of suit and before trial, pursuant to the terms of the preliminary injunction.

Appellant is the owner of the property, but she is not charged in the complaint with knowledge of the existence of the nuisance, nor does the court find that she had such knowledge.

The sections of the Redlight Abatement Act bearing upon the disputed costs are sections 7 and 8 thereof. By section 7 it is provided that "if the existence of a nuisance be established in an action as provided herein, an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal from the building or place of all fixtures, musical instruments, and movable property used in conducting, maintaining, aiding, or abetting the nuisance, and shall direct the sale thereof in the manner provided for the sale of chattels under execution, and the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of one year, unless sooner released as herein provided. While such order remains in effect as to closing, such building or place shall be and remain in the custody of the court." Said section further provides that for the removal and sale of the movable property the officer shall be entitled to the same fees as are allowed under execution, and that "for the closing of the premises and keeping them closed a reasonable sum shall be allowed by the court."

By section 8 it is provided that the proceeds of the sale shall be applied: "1. To the fees and costs of such removal and sale; 2. To the allowances and costs of so closing and keeping closed such building or place; 3. To the payment of plaintiff's costs in such action; 4. The balance, if any, shall be paid to the owner of the property so sold." And it is further provided that if the proceeds of the sale of the movable property are insufficient to pay such costs, then the "building and place" shall be sold, etc.

These sections, of course, should be read together, and, as thus read, we find no authority therein, nor elsewhere in the act, for the allowance, as costs, of the expenses of plaintiff's investigations which resulted in the filing of the suit. Indeed, our attention has been directed to no case wherein a defendant, unsuccessful in the result of trial, has been required to reimburse the prevailing party for the costs incurred by the prevailing party in making the investigations and in collecting the evidence upon which the action is brought. It is true that subdivision 3 of section 8, above quoted, provides for the payment of "plaintiff's costs in said action," but, in the absence of more extensive expression than is here used, we are inclined to the opinion that by the use of the term "Plaintiff's costs" the legislature intended to include only such costs as are ordinarily allowed in an equitable proceeding, and in such proceedings it has been held, in numerous instances, that costs incurred by a prevailing party for his own benefit in the preparation of his case are not taxable in the action. Among such instances are the cost of the preparation of a map (*Miller* v. *Highland Ditch Co.,* 91 Cal. 103, [27 Pac. 536]) ; the expenses of an expert accountant employed to dissolve a copartnership (*Faulkner* v. *Hendy,* 79 Cal. 265, [21 Pac. 754]) ; and the fees of a surveyor for obtaining data from which maps are prepared (*Bathgate* v. *Irvine,* 126 Cal. 135, [77 Am. St. Rep. 158, 58 Pac. 442].)

Under the terms of said act a private citizen may commence and maintain, in his own name, an action to abate an alleged nuisance. The far-reaching effect of respondent's contention, if sustained, would mean that such citizen would have the authority, in conducting investigations and collecting evidence against certain premises, to create expense without limit, and afterward recover the same from the owner of the property, who might be entirely innocent of the wrongful purpose to which the property was being devoted.

In the absence of any authority in the act for the allowance of the costs incurred by plaintiff in making and conducting the investigations before the commencement of suit, we are of the opinion that said costs constituted illegal charges and should have been disallowed.

[2]   The second contention of appellant raises the direct question of whether or not, under said act, the court is granted the authority to take possession of, or place keepers in, the premises in question at any time before trial and judgment.  According to the terms of said section 7, it would seem that such authority does not exist, and that the drastic features of the act attach only after trial and judgment.  In that section it is expressly stated that the order of abatement and for the closing and keeping closed the premises in question shall be made "a part of the judgment in the case," and then only "if the existence of the nuisance has been established."  There are no other provisions in the act which tend to modify or change the operation of said section 7 in this respect.

Section 4 provides that if the existence of a nuisance is shown to the court by a verified complaint or affidavit, it shall allow a temporary injunction to abate and prevent the continuance or recurrence of such nuisance, the disobedience to or violation of which shall be deemed a contempt, punishable by fine of not less than two hundred nor more than one thousand dollars, or imprisonment in the county jail for not less than one month nor more than six months, or by both such fine and imprisonment.  But, apparently, punishment for contempt is the limit of the court's power prior to judgment.

In view of the plain terms of said section 7, we are of the opinion that prior to judgment the court may not take possession of the questioned premises, by placing keepers therein, nor may it order the same closed.  To hold otherwise not only would be contrary to the express provisions of the act itself, but it might lead to unjust results.  For instance, as we have already seen, a private citizen, in a verified complaint or affidavit, may charge any establishment, however reputable, with being a nuisance within the meaning of the Redlight Abatement Act, and, if the law were as contended for by respondent, such person, upon an *ex parte* application based solely upon said verified complaint or affidavit, would be entitled to an order closing said establishment until trial; whereas, upon trial it might develop that the charge was entirely unfounded and the proceedings would, accordingly, be dismissed.  No bond or other indemnity being necessary to institute said action, the

owners, or other persons conducting the establishment, would be without redress, notwithstanding the fact that their establishment had been unjustly closed between the time of the filing of suit and the trial of the action.

[3] It is argued by respondent that although express authority for the allowance of the contested items may not be found in the provisions of said act, yet implied authority is granted by reason of the fact that the court, in administering the Redlight Abatement Act, exercises its jurisdiction as a court of equity. In this contention, respondent is not supported by the authorities. It has been held, on numerous occasions, that the right to recover costs is purely statutory and that, in the absence of statute, no costs can be recovered by either party. (*Williams* v. *Atchison etc. Ry. Co.,* 156 Cal. 140, [134 Am. St. Rep. 117, 19 Ann. Cas. 1260, 103 Pac. 885]; *Bond* v. *United Railroads,* 20 Cal. App. 124, [128 Pac. 786]; *Kummeth* v. *Atkisson,* 23 Cal. App. 401, [138 Pac. 116]; *Fox* v. *Hale & Norcross S. M. Co.,* 122 Cal. 219, [54 Pac. 731].) And in *Sierra Union Water & Mining Co.* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038], it was held that the allowance of costs does not depend upon the form or nature of the action, but upon whether or not the case comes within the terms of the statute relating to costs.

The provisions of the Redlight Abatement Act, therefore, are controlling. They do not provide for the cost of the services of ''guards'' placed in said premises prior to judgment, and for that reason said costs constituted an illegal charge and should have been disallowed.

The order denying appellant's motion to retax costs is reversed and the court is directed to grant the same in accordance with the views herein expressed, and to strike from the judgment the amount of said contested items.

Richards, J., and Waste, P. J., concurred.