# JOHN N. ENGEL

## vs.

# THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Intoxicating Liquors—Refund of License Fee—Construction of Statute.*

Acts 1920, ch. 431, authorizing and directing Baltimore City to refund, to every holder of a license to sell intoxicating liquors for the year May 1st, 1919, to May 1st, 1920, "the amount of the unused license from July 1st, 1919, to May 1st, 1920, which was paid to the city," required the city to refund, not the license fee received for the entire period last named, but merely such portion thereof as represented the portion of such period during which the license was unused by the licensee.

pp. 290-292

One was not entitled to have the license fee refunded for the time, after the sale of intoxicating liquors became illegal, during which he used his license for the sale of liquors which, though not in fact intoxicating, were within the definition of intoxicating liquors as given in the city charter. p. 291

While the title of an act may be looked to in doubtful cases in arriving at the intention of the Legislature, it will not be permitted to control the express language of the act. p. 291

*Decided January 13th, 1922.*

Appeal from the Superior Court of Baltimore City (GORTER, J.).

Petition for mandamus by John N. Engel against The Mayor and City Council of Baltimore, a municipal corporation. From a judgment for defendant, petitioner appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Isaac Lobe Straus,* with whom was *Stephen J. McDonough* on the brief, for the appellant.

*A. Walter Kraus, Assistant City Solicitor,* with whom was *Roland R. Marchant, City Solicitor,* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the Mayor and City Council of Baltimore in a mandamus case.

On the 17th of March, 1921, John N. Engel filed a petition in the Superior Court of Baltimore City, alleging that, for a number of years prior to July 1st, 1919, he was engaged in the business of selling intoxicating liquors; that he obtained a license to sell the same in Baltimore City for the year extending from May 1st, 1919, to May 1st, 1920, for which he paid to the Clerk of the Court of Common Pleas of Baltimore City the sum of $1,100, as required by the then existing law, and conducted his business at Nos. 1301 and 1303 North Fulton Avenue, from May 1st, 1919, to June 30th, 1919; that by virtue of the Act of Congress passed in pursuance of the Eighteenth Amendment of the Constitution of the United States, and under the conditions of the war with the German Empire, it became unlawful to sell intoxicating liquors in the City of Baltimore, and throughout the State of Maryland and throughout the United States, on and after July 1st, 1919, and he was therefore prohibited from selling intoxicating liquors under his license, and on and after July 1st, 1919, it became unused by him for the purposes for which it was issued; that the defendant is a municipal corporation, and that three-fourths of the sum paid by him for said license, was according to law turned over to the defendant for its municipal purposes, and that, at its Jan-

uary Session of 1920, the Legislature passed the act known as chapter 431 of the Acts of 1920, as follows:

> "AN ACT to authorize and direct the Mayor and City Council of Baltimore to refund to the holders of licenses to sell intoxicating liquors in the City of Baltimore, the amount of the said license fees received by said city for the period from July 1, 1919, to May 1, 1920.
>
> "Section 1. *Be it enacted by the General Assembly of Maryland,* That the Mayor and City Council of Baltimore be and they are hereby authorized and directed to refund and pay to each and every holder of a license to sell intoxicating liquors in the City of Baltimore for the year May 1, 1919, to May 1, 1920, the amount of the unused license from July 1, 1919, to May 1, 1920, which was paid to the City of Baltimore.
>
> "Sec. 2. *And be it further enacted,* That the Mayor and City Council of Baltimore be and they are hereby directed to provide in the Ordinance of Estimates for the year 1921 an amount sufficient to refund the unused licenses as provided for by the preceding section.
>
> "Sec. 3. *And be it further enacted,* That this Act shall take effect June 1, 1920."
>
> "Approved April 9, 1920."

The petition further alleges that, under the provisions of said act, it became the duty of the defendant to refund to the petitioner such proportion of the whole amount paid by him, and received by the defendant for said license, as the portion of said year from July 1st, 1919, to May 1st, 1920, bears to the whole of said year, extending from May 1st, 1919, to May 1st, 1920; that in disregard of its duty under said chapter 431 of the Acts of 1920, the defendant has refused and still refuses to pay to the petitioner said proportionate part of the sum paid by him for said license, and that, as a matter of right and justice, and in order that the intent and mandate of said act of the General Assembly may

be performed and the rights of the petitioner may be secured, it is necessary for the court to intervene by a writ of mandamus directed to the defendant, requiring it to pay to the petitioner the said proportion of the entire sum paid by him for said license and received by the defendant. The petition then prayed for a writ of mandamus, directed to the defendant, requiring it to pay to the petitioner said "proportionate part * * * of the entire sum paid by him for said license and received by said defendant."

The defendant filed an answer to the petition, in which it admits that the petitioner was engaged in the business of selling intoxicating liquors; that he obtained a license to sell intoxicating liquors in Baltimore City for the year beginning May 1st, 1919, and ending May 1st, 1920, and paid to the Clerk of the Court of Common Pleas the sum of $1,100 for said license. The answer then alleges that the defendant denies that it became unlawful to sell intoxicating liquors in Baltimore City, &c., on and after July 1st, 1919, by virtue of the provisions of the Act of Congress passed in pursuance of the Eighteenth Amendment of the Constitution of the United States; that the petitioner was prohibited by the Act of Congress, commonly known as the Wartime Prohibition Act, from selling intoxicating liquors in Baltimore City on and after July 1st, 1919, under the license issued to and paid for by him, but the defendant denies "that said license for that reason was and became incapable of being used by said petitioner or was and became unused by him as alleged in the petition." The answer further alleges that, on and after July 1st, 1919, there was sold in Baltimore City, &c., fermented liquors containing more than two per cent. by weight of alcohol, but which were not in fact intoxicating, and that liquors of this character could lawfully be sold in Baltimore City without violating any law passed by the Congress of the United States up to January 16th, 1921, upon which date the Act of Congress commonly known as the Volstead Act was passed for the enforcement of the Eighteenth Amendment, prohibiting the sale for beverage purposes of any liquor con-

taining more than one-half of one per cent. of alcohol, became operative; that while the sale of fermented liquors of the character mentioned could be made in Baltimore City up to January 16th, 1920, without violating the federal statutes, yet any sale of such liquors in Baltimore City without a license was unlawful and prohibited by the laws of the State; that the petitioner, under and by virtue of the license issued to him, sold fermented liquors containing more than two per cent. by weight of alcohol, but not in fact intoxicating, in Baltimore City from July 1st, 1919, to January 16th, 1920, and that it was not until said last mentioned date, when it became illegal to sell such liquors by virtue of the Volstead Act, that the petitioner surrendered his license for cancellation; that the defendant admits the passage of chapter 431 of the Acts of 1920; that the defendant denies that said act imposes upon it any valid obligation to refund any portion of the license fee paid by the petitioner "because said statute is unconstitutional * * * for the reason that" it is a local law, "applicable only to Baltimore City and deals with a matter covered by the express powers granted to it by its charter, and that since the ratification of Art. 11-A of the Constitution of Maryland and the adoption of the charter pursuant to its provisions by the voters of Baltimore City, no local law of the character here involved can constitutionally be enacted by the General Assembly"; that assuming said statute to be constitutional, a proper construction thereof contemplates a refund to persons who procured licenses for the year beginning May 1st, 1919, and ending May 1st, 1920, calculated not from July 1st, 1919, to May 1st, 1920, but calculated from the date of the surrender and cancellation of any particular license to May 1st, 1920, and that the defendant has made provision for such refund "in its Ordinance of Estimates for the year 1921, * * * and that in making said provision upon the bases above specified, it followed the precedent established by the State of Maryland in making similar provision for the refund of that portion of such license fees for said year received by it"; that the de-

fendant admits that it has refused to refund to the petitioner the proportionate part of the license fee demanded by him, but denies, for the reasons stated, that such refusal has been in disregard of any duty imposed upon it by Chapter 431 of the Acts of 1920; that the defendant denies that it is necessary or proper for the court to intervene, and alleges that it has discharged fully every duty it may owe to the petitioner or others who may have procured such licenses by making the provision "for refund herein referred to."

The petitioner demurred to the answer of the city, but the court overruled the demurrer, and the petitioner having declined "to file any further pleading," etc., the court entered the judgment for the defendant from which this appeal was taken.

The petitioner avers, in substance, that he paid $1,100 for a license to sell *intoxicating* liquors in Baltimore City for the year beginning May 1st, 1919, and ending May 1st, 1920; that by virtue of the Act of Congress passed in pursuance of the Eighteenth Amendment, "and under the conditions of the war with the German Empire," it became unlawful to sell *intoxicating* liquors in Baltimore City on and after July 1st, 1919, and that the General Assembly of Maryland, by chapter 431 of the Acts of 1920, directed the Mayor and City Council of Baltimore to refund to the appellant such proportion of the sum paid by him for said license and received by the city as the period extending from July 1st, 1919, to May 1st, 1920, bears to the whole year for which such license was issued. On the other hand, the defendant alleges that, while the petitioner could not lawfully sell *intoxicating* liquors in Baltimore City on and after July 1st, 1919, he could lawfully sell in Baltimore City under his license, but not otherwise, fermented liquors containing more than two per cent. in weight of alcohol, provided they were not intoxicating, and that he did in fact retain and use his license for that purpose until the 16th of January, 1920, when it became illegal to sell such fermented liquors, and he surrendered his license.

Sections 667 to 678 of the Revised Edition of 1915 of the Charter of Baltimore City required a license for the sale of fermented liquors containing more than two per cent. by weight of alcohol, and, the averments of the answer being admitted by the demurrer, the first question to be considered is the proper construction of chapter 431 of the Acts of 1920.

The appellant contends, (1) that the *title* of the act fixes the period for the refund as "from July 1st, 1919, to May 1st, 1920"; (2) that it declares that the refund is to be to "holders of licenses to sell intoxicating liquors," and that "the use of the plural indicates that the refund is to be made uniformly to all holders of licenses for the period designated in the title"; (3) that the title "says nothing whatever about the time the licensee may have surrendered his license for cancellation," and (4) that "the refund is made applicable to and for the holders of licenses to sell *intoxicating* liquors and not merely fermented liquors, demonstrating that the statute contemplates that it was for the deprivation and loss of the right to sell *intoxicating* liquors under the license that the refund was to be made and that this compensation for such" loss "was not to be forfeited by reason of the fact that the licensee retained the "minor right to sell only *fermented*, but not *intoxicating* liquors."

If the body of the act contained only the expressions found in the title, there would be no room to question the intention of the Legislature, or the construction placed upon the act by the appellant. But section 1 of the act authorizes and directs the Mayor and City Council of Baltimore "to refund and pay to each and every holder of a license to sell intoxicating liquors in the City of Baltimore for the year May 1st, 1919, to May 1st, 1920, the amount of the unused license from July 1st, 1919, to May 1st, 1920, which was paid to the city," and section 2 requires the Mayor and City Council to provide, in the ordinance of estimates for the year 1921, an amount sufficient "to refund the unused

licenses as provided by the preceding section." Therefore, what the Mayor and City Council were required to do in both sections of the *body* of the act was not, as stated in the *title,* to refund to the "holders" of licenses the amount received by the city "for the period from July 1st, 1919, to May 1st, 1920," but to refund to each and every holder of a license to sell intoxicating liquors the amount of "the *unused* license from July 1st, 1919, to May 1st, 1920, which was paid to the City of Baltimore." The amount of the unused license, from July 1st, 1919, to May 1st, 1920, cannot be held to mean the license fees received by the city for the entire period from July 1st, 1919, to May 1st, 1920, for that would require us to disregard and entirely ignore the terms "unused license" used in both sections of the act as descriptive of what the city was to refund. What the Legislature evidently meant, and what the act must be construed to mean, is that the city should refund such portion of the license fee received by it as represented that portion of the period from July 1st, 1919, to May 1st, 1920, during which the license was *unused* by the licensee.

While the title of an act may be looked to in doubtful cases in arriving at the intention of the Legislature, it will not, as said in *State* v. *Archer,* 73 Md. 61, "be permitted to control the express language of the act."

The argument of learned counsel for the appellant that the use of the terms "intoxicating liquors" in the act demonstrates that the Legislature intended to compensate the licensee for the loss of the right to sell intoxicating liquors, and not "fermented liquors," would seem to be answered by the suggestion that section 667 of the city charter (Revised Edition of 1915) defined the terms "intoxicating liquors," as used in the article providing for the licensing the sale of liquors, as including whiskey, beer, etc., "and all other fermented and distilled liquors, * * * which should contain more than two per cent. in weight of alcohol," etc., and that the Legislature in using these terms may have intended them to have the meaning given them in the city charter.

Nor does the contention of the appellant find sufficient support in the provisions of the act providing for a refund in Baltimore County (chapter 169 of Acts 1920), for that act recites in its preamble that the holders of licenses named in the body of the act "have filed their licenses with the clerk of the Circuit Court for Baltimore County and the same have been ordered cancelled by the judge of said court."

We cannot adopt the construction of the act claimed by the city in its answer, that the appellant was entitled to a refund only from the date upon which he surrendered his license for cancellation, for that was provided for, under certain circumstances, by section 690B of the city charter. But we accept the view urged by the learned counsel for the appellee in their brief, that the appellant is entitled to a refund for only that part of the year ending May 1st, 1920, remaining from the date he ceased to *use his license,* and, as the answer alleges and the demurrer admits, that the appellant continued to use his license for the purpose of selling fermented liquors containing more than two per cent. by weight of alcohol, but not in fact intoxicating, from July 1st, 1919, to January 16th, 1920, we must hold that the refund to him by the city for his unused license must be computed from January 16th, 1920. This view gives effect to all the words used in the act (*United States* v. *Standard Brewing Co.,* 251 U. S. 210), and is apparently the one applied by the Legislature in providing for a refund "of the State's portion of unused and surrendered liquor licenses in Baltimore City." Acts 1920, ch. 487, p. 890.

Under the construction we have given to the Act of 1920, ch. 431, it is not necessary to consider the other question raised by the answer of the city, and the judgment of the court below will be affirmed for the reasons we have stated.

*Judgment affirmed, with costs.*