## CHARLES EISLER *v.* EASTERN STATES CORPORATION

[No. 94, October Term, 1945.]

*Decided April 11, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*William Saxon* for the appellant.

*Richard W. Case,* with whom was *R. E. Lee Marshall* on the brief, for the appellee.

COLLINS J., delivered the opinion of the Court.

On July 8, 1942, Charles Eisler, hereafter known as the appellant, filed in the Circuit Court of Baltimore City an amended bill of complaint against Eastern States Corporation, hereafter known as the appellee. On July 20, 1942, the appellant filed in the same case a petition to examine the corporate books and records of the appellee, under Discovery Rule 4 of the General Rules of Practice and Procedure. A demurrer was filed to the appellant's amended bill on July 22, 1942, and on July 24, 1942, an answer was filed by the appellee to the petition for examination of its books. Before the demurrer was ruled upon, the chancellor on August 28, 1942, signed an

order allowing the discovery prayed for by the appellant. An appeal was taken from that order to this court. On September 9, 1942, the lower court, as a prerequisite to stay the order for examination of the books, fixed the amount of the appeal bond at $25,000. The appellee then filed a bond issued by a surety company in the amount of $25,000, which was approved by the court, the premium on this bond being $500. This court, in the case of *Eastern States Corporation v. Eisler,* 181 Md. 526, 30 A. 2d 867, reversed the order for discovery and assessed the costs against the appellant here.

Afterwards this court in the case of *Eisler v. Eastern States Corporation,* 182 Md. 329, 35 A. 2d 118, affirmed, with costs, the action of the chancellor in sustaining the appellee's demurrer to the appellant's second amended bill of complaint without leave to amend.

The appellee, on June 14, 1944, filed in the Circuit Court of Baltimore City a motion for a judgment for costs in the amount of $743.70, which amount included the $500 paid as premium on the bond aforesaid. The appellant filed an answer admitting owing costs in the amount of $243.70, but denied that the $500 was part of the costs in the case. The Circuit Court of Baltimore City, on May 10, 1945, entered a decree in amount of $743.70, which included the $500 paid as premium on the appeal bond. From that decree the appellant appeals.

The question for our decision is whether the $500 paid as premium on the appeal bond should be included in the costs to be recovered by the appellee.

Chapter 271 of the Acts of 1906 provide, in part:

"An Act to add a new Section to Article 24 of the Code of Public General Laws of 1904, title 'Costs,' to be designated Section 10, for the purpose of providing for the taxing as a part of the costs the premium paid for any surety bond in action at law or in equity.

"Section 1. Be it enacted by the General Assembly of Maryland, that the following additional section be added to the Code of Public General Laws of 1904, title 'Costs,' to be known as Section 10 of said Article.

"10. When in any action or proceeding at law or in equity a bond is required to be filed and the surety upon such bond so executed is a surety company authorized by the laws of this State to qualify upon such bonds, then the party entitled to recover costs may include therein such reasonable sum as may have been paid by him to such surety for executing such bond."

This section was amended and broadened by Chapter 510 of the Acts of 1908, p. 76, which provides in part:

"An Act to repeal and re-enact with amendments Chapter 271 of the Acts of Assembly of 1906, adding a new section to Article 24 of the Code of Public General Laws of 1904, title 'Costs,' to be designated Section 10, for the purpose of providing for the taxing as a part of the costs the premium paid for any surety bonds or renewals thereof in any action at law or in equity, and in any proceeding before an Orphans' Court. * * *

"10. When in any action or proceeding at law or in equity or in any proceeding before an Orphans' Court a bond is required to be filed and the surety upon such bond so filed is a surety company authorized by the laws of this State to qualify upon such bonds, then the party entitled to recover or be allowed his costs in said action or proceeding at law or in equity or in any proceeding before an Orphans' Court may have included as his costs such reasonable sum as may have been paid by him to such surety company for executing such bond or any renewal thereof or substitution for the same, during the continuance of the trusts; and all executors, administrators, trustees, receivers, committees, guardians or other fiduciaries who file such bonds shall be entitled to collect the reasonable costs of the premium or premiums thereon and be allowed the same from the funds and assets in their hands."

The Act of 1908 therefore extended the provisions of the Act of 1906 to include proceedings in the Orphans' Court and the allowance of reasonable sums paid by fiduciaries out of the funds or assets in their hands. This court held in the case of *American Surety Co. v. Kitz-*

*miller,* 1923, 144 Md. 163, 125 A. 44, that under the provisions of Article 24, Section 10, *supra,* the premium on a bond filed in an attachment case by the plaintiff, Elizabeth M. Kitzmiller, was a part of the costs of the case. This section is therefore not limited to fiduciaries.

The appellant here does not question the fact that the surety on the bond in question is qualified to issue such bonds by the laws of this state, and admits that the premium on the bond was reasonable. Our inquiry is therefore whether the bond in question was required in the proceedings. Appellant contends that Article 24, Section 10, *supra,* does not apply to the appeal bond now in question and relies on a number of out-of-state cases. As our decision in this case is on the Maryland statute and the statutes in the other states differ from the Maryland Act, these decisions are not helpful here.

In *Williams v. Atchison, etc.,* 156 Cal. 140, 103 P. 885, 134 Am. St. Rep. 117, 19 Ann. Cas. 1260, a replevin bond and not an appeal bond was in question. In the case of *Christenson et al. v. Cudahy Packing Co.,* 84 Cal. App. 237, 257 P. 906, the California statute provided that the prevailing party on appeal may recover all amounts actually paid out by him in connection with said appeal. The question before the court was whether a bond filed on appeal to stay execution should be included in the costs of the case. That court held that the appellant was not required to file a surety bond but might have filed a personal bond for which no premium was required and therefore the premium on the bond was not a part of the costs of the case on appeal. The statute now before us here specifically provides for surety bonds. In the case of *Hull v. Burr,* 63 Fla. 440, 57 So. 616, the statute was limited to bonds given by fiduciaries. The statute passed on in *Somerville v. Wabash R. Co.,* 111 Mich. 51, 69 N. W. 90, is very different from the statute in question here. Appellant also cites cases on the question as to whether, according to the course and practice of the courts, such premiums on appeal bonds are included in the costs. As our decision here will be limited to the

interpretation of the statute, Article 24, Section 10, *supra,* it is not necessary that we discuss those cases.

Appellant relies strongly on the case of *Mayor, etc., of Baltimore v. Baltimore & O. Co.*, 21 Md. 50, decided February 24, 1864, before the statute in question was enacted. In that case the Mayor and City Council of Baltimore sought an injunction against the B. & O. Railroad Company. A preliminary injunction was granted but after answer and hearing, was dissolved by the Circuit Court of Baltimore City. On appealing from the order dissolving the injunction, the plaintiff filed a petition praying that it might be allowed to give a bond to stay the operation and effect of the order dissolving the injunction. The lower court refused to fix a penalty for the bond for the reason that neither the Mayor nor any other official agent of the City of Baltimore had the power to execute a bond of that character, and in passing upon that question the lower court held that the giving of such bond was not necessary to the complete exercise of the rights or privilege of appellant and could not be claimed as incidental to the power of taking an appeal in such cases. This court affirmed the decision of the lower court. The bond filed here is not required by law as a necessary incident of appeal. *Miller's Equity Procedure*, Sec. 343. It merely suspends the operation of the decree or order appealed from. Code, Art. 5, Secs. 33 and 34.

Chapter 271 of the Acts of 1906 and Chapter 510 of the Acts of 1908 were, of course, enacted after the decision in that case. The purpose of both of these Acts, as set forth in the title, is to provide "for the taxing as a part of the costs of the premium paid for *any surety bonds* * * * in any action * * *." (Italics supplied here.) The statute is not limited by words to bonds required by law or by mandatory authority. Although the courts will not read into statutes words not there, it is a well-recognized rule that the title of an Act, though no part of it, may be referred to for interpretation of the statute itself where it it doubtful, for the purpose of

throwing light upon the intention of the Legislature and in construing statutes, the entire statute including its title, must be read together. The statute, of course, can be given no more extended operation than that explained in its title or preamble, nor is the title part of the Act. *Chesapeake & O. Canal Co. v. Baltimore & Ohio R. Co.,* 4 Gill & J. 1; *Bradford v. Jones,* 1 Md. 351; *Consolidated Real Estate & Fire Ins. Co. of Baltimore v. Cashow,* 41 Md. 59; *Engel v. City of Baltimore,* 140 Md. 284, 117 A. 901; *Mayor & City Council of Baltimore v. Deegan,* 163 Md. 234, 161 A. 282. The intent of the Legislature, according to the title, was to include *any surety bond* in any action at law or in equity and in any proceedings before the Orphans' Court. If the Legislature had intended to exclude any one type or class of bond, it could by words have specifically excluded that class from the statute. This court in the case of *American Surety Co. v. Kitzmiller, supra,* did not limit the statute to fiduciaries. *Jose et al. v. Hunter et al.,* 63 Ind. App. 298, 124 N. E. 65.

In the case now before this court, unless the appeal bond had been filed to stay the discovery ordered by the chancellor, the appeal to this court would have been of no effect, for the appellant would have obtained the discovery under the order of the chancellor before the question could have been ruled upon here. Even though the appellee prevailed in this court, the effect of our decision here would have been nugatory, unless the appeal bond had been filed, for the discovery would have been obtained before our decision. That would have been the old case of locking the stable door after the horse had gone. Although the bond in question was not a necessary incident of the appeal, it was required to effectuate the appeal and to prevent the discovery ordered by the chancellor and denied by this court. We do not believe the Legislature intended any such limitation of the statute. We conclude that the Legislature did not intend that the word "required" be restricted to bonds necessary by law or by mandatory authority, but that this word meant

bonds required under the orderly rules of practice necessary to accomplish the object of the litigation. As the appeal bond here was necessary to prevent the discovery, which was the question on appeal, the appeal bond now in question was "required" as specified in Article 24, Section 10, *supra,* and, therefore, under the provisions of that section it was properly taxed as costs in the case. Therefore, the decree of the chancellor should be affirmed.

*Decree affirmed, with costs.*